# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RAMON M. DEL CAMPO,

    Plaintiff,

v.                                                                         No. 2:20-cv-00641-KRS

UNITED STATES DEPARTMENT OF JUSTICE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
## GRANTING LEAVE TO FILE AMENDED COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed June 29, 2020 ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed June 29, 2020 ("Application"), and Plaintiff's Motion to Amend, Doc. 5, filed June 29, 2020.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's total monthly income is $805.00; (ii) and Plaintiff's monthly expenses total $400.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and because of his low monthly income.

**The Complaint**

Plaintiff names the United States Department of Justice and Waylon Barr as Defendants. Plaintiff alleges: "An unidentified agent has been caught on servallance cameras conducting illegal operations along with City of Las Cruces Detectives. See attached form. Please view the cause number of *Ramon M. del Campo vs. City of Las Cruces Police Department* in order to obtain the facts." [sic] Complaint at 7. Where the form Complaint instructs Plaintiff to "[b]riefly state the background of your case," Plaintiff wrote: "Please view *Ramon M. del Campo vs. City of Las Cruces Police Department* and attached form."

The Court will not comb the record of other cases and act as an advocate for Plaintiff. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("it is [not] the proper function of the district

2

court to assume the role of advocate for the pro se litigant"). The Court is granting Plaintiff leave to file an amended complaint. Plaintiff's amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see* Complaint at 3 (Complaint form instructs Plaintiff to "Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved"). A complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original); *see also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; *when* the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.") (emphasis added).

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." "Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011). Defendant Waylon [William] Barr and the unidentified Department of Justice agent are federal agents acting under color of their authority, not persons acting under color of state law. Because Plaintiff is proceeding *pro se*, the Court liberally construes the Complaint to assert a *Bivens* action against Defendant Barr. "In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the U.S. Supreme Court "recognized for the first time an implied private action for

damages against federal officers alleged to have violated a citizen's constitutional rights." *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (stating that *Bivens* actions are the "federal analog" to § 1983 actions).

The Complaint fails to state a claim upon which relief can be granted against Defendant Barr under *Bivens* against Defendant Barr because they do not allege that Defendant Barr violated Plaintiff's federal rights.  The Complaint also fails to state a *Bivens* claim against Defendant United States Department of Justice because "*Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("A "*Bivens* claim can be brought only against federal officials in their individual capacities").

**Proceeding** *in forma pauperis*

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.  The Court grants Plaintiff leave to file an amended complaint.

**Motion to Amend Original Complaint**

Plaintiff seeks to add some factual statements to his original Complaint. Because the Court is granting Plaintiff leave to file an amended complaint, the Court denies Plaintiff's Motion to Amend the Complaint as moot.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendants at this time because the Complaint fails to allege facts that support jurisdiction. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed June 29, 2020, is **GRANTED.**

(ii) Plaintiff may file an amended complaint within 14 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case.

(iii) Plaintiff's Motion to Amend, Doc. 5, filed June 29, 2020, is **DENIED as moot.**

_____
**UNITED STATES MAGISTRATE JUDGE**